25-854-cr
*United States v. Candelier Tejada*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-six.

**PRESENT:**
> **JOSÉ A. CABRANES,**
> **ALISON J. NATHAN,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> v.                                                                              **No. 25-854-cr**

**Juan Gregorio Candelier Tejada,**

> *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:** ALEXEI SCHACHT, Alexei Schacht, Attorney at Law, New York, NY.

**FOR APPELLEE:** ANDREW K. CHAN (Jacob R. Fiddelman, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

### Background

From 2012 to 2017, Defendant-Appellant Juan Gregorio Candelier Tejada distributed dozens of kilograms of cocaine, heroin, and fentanyl in New York City. In 2014, Candelier joined a drug-trafficking organization (DTO) led by Julio Rondon-Abreu and Manuel Enrique De La Cruz. Rondon-Abreu and De La Cruz arranged for the DTO to smuggle heroin and fentanyl through individual couriers who swallowed drugs, as well as in containers aboard commercial ships.

2

Candelier would receive narcotics from the higher-ups, distribute them, and collect cash proceeds that were eventually laundered by others who bought and sold cars in the Dominican Republic.

On October 12, 2017, Candelier was arrested after law enforcement observed him making a suspicious delivery in Manhattan. He had 20 grams of heroin on him at the time, and a consensual, post-arrest search of his apartment revealed 2.8 kilograms more. Candelier was released on bail shortly thereafter, and then on February 15, 2018, was charged by information with one count of conspiracy to distribute narcotics—particularly, heroin and fentanyl—in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

On April 2, 2018, Candelier pled guilty to that count and agreed to cooperate with the Government.[1] In exchange, the Government agreed to seek a reduction in Candelier's sentence under Section 5K1.1 of the Sentencing Guidelines, if Candelier complied with his plea agreement and committed no further crimes.[2]

---

[1] The district court docket shows that Candelier pled guilty on March 30, 2018. The Presentence Report states that Candelier pled guilty on April 2, 2018. The discrepancy is irrelevant to the present appeal.

[2] That section provides, in part, that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, a sentence that is below the otherwise

Less than a week later, the Government learned from a confidential informant that Candelier had continued to sell drugs while on bail; in response, the Government requested that he appear for a meeting at the United States Attorney's Office in Manhattan on April 6, 2018. Candelier did not show up to that meeting or the bail-revocation hearing that the district court ordered him to attend later in the day. Instead, he fled the jurisdiction and remained a fugitive until he was arrested six years later, on February 17, 2024, carrying methamphetamine, firearms, and a fake ID out of a drug stash house in North Carolina. He was returned to the Southern District of New York and detained without bail on consent.

On April 4, 2025, after receiving the parties' sentencing submissions and a recommendation from the Probation Department, the district court sentenced Candelier principally to 150 months of imprisonment, to be followed by five years of supervised release. The district court calculated Candelier's Sentencing Guidelines offense level to be 34—comprising a base offense level of 36, a two-point increase for obstruction of justice, a two-point decrease for being a Zero-

applicable guideline range may be appropriate." U.S.S.G. § 5K1.1.

4

Point Offender, and an additional two-point decrease under the Guidelines' safety-valve provision.[3] *See* U.S.S.G. §§ 2D1.1(b)(18), 5C1.2. The district court then proceeded through the sentencing factors enumerated in 18 U.S.C. § 3553(a), noting at the outset that Candelier's significant and prolonged distribution of deadly narcotics, coupled with his subsequent flight and return to drug dealing after agreeing to cooperate, weighed in favor of a significant sentence. But the district court also credited Candelier's guilty plea—owning up to his offense and sparing the Government the difficulty and expense of trial—as well his family's support. Considering all of the required factors and the record, the district court determined that 150 months of imprisonment was "the lowest that . . . is compatible with the [§] 3553(a) factors viewed in combination." App'x at 114. The district court also imposed mandatory, standard, and special conditions of supervised release.

Candelier timely appealed, challenging only the length of his sentence of incarceration.

---

[3] The district court denied Candelier's request for a reduction in offense level for acceptance of responsibility, which Candelier does not contest on appeal.

## Discussion

We review the district court's imposition of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In doing so, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that are reasonable." *United States v. Lawrence*, 139 F.4th 115, 123 (2d Cir. 2025) (quotation marks omitted and alteration adopted). Thus, "while a district court cannot assume that a Guidelines sentence is warranted in a particular case," it is only in the "extraordinary" case that the district court abuses its discretion in affording any weight to Guidelines factors. *United States v. Broxmeyer*, 699 F.3d 265, 290 (2d Cir. 2012). And though we have a "responsibility to examine the actual sentence" rather than merely "rubber stamp" it, substantive review does not permit "tinkering with any sentence that appellate judges simply do not like." *United States v. Rigas*, 583 F.3d 108, 122–23 (2d Cir. 2009) (quotation marks omitted).

6

In this deferential posture, we cannot conclude that the district court imposed a substantively unreasonable sentence. Candelier was sentenced to 150 months' imprisonment—one month short of the *bottom* of the Guidelines range for his offense conduct and circumstances. And his argument that the district court failed to sufficiently credit his initial cooperation is belied by the record. As the district court explained, Candelier continued drug dealing during and after his purported "cooperation"—having learned additional information about the DEA's investigations and tactics through his experience as a cooperator. If anything, the district court observed, the Guidelines *underestimated* Candelier's culpability by rewarding him for having no criminal history points, even though he had dealt drugs for more than a decade and immediately recidivated after pleading guilty. It was thus not unreasonable for the district court to conclude that a significant sentence would be required to reflect the seriousness of the offense and promote respect for the law, as well as specific deterrence, given Candelier's absconding and returning to drug dealing under a false identity for nearly six years. It was also not unreasonable for the district court to conclude that a significant sentence was required to deter future cooperators from similarly risking noncompliance with their plea agreements only to abscond upon facing

7

accountability. For these reasons, any disparity among Candelier and the other cooperator defendants is warranted; only he continued to deal drugs, fled the jurisdiction, and committed more crimes as a fugitive for many years.

In sum, Candelier's below-Guidelines sentence is not substantively unreasonable. Instead, it reflects the seriousness of Candelier's many years of dangerous criminal conduct, the need to deter him and others from committing similar crimes in the future, and the benefits of complying with agreements to cooperate.

## Conclusion

Because Candelier's sentence is substantively reasonable and he raises no other challenge on appeal, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8